[Cite as *State v. Shockey*, 2013-Ohio-362.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26434 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLARENCE W. SHOCKEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 12 3520 |

DECISION AND JOURNAL ENTRY

Dated: February 6, 2013

BELFANCE, Judge.

{¶1} Clarence Shockey appeals his conviction for violating a protection order. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Shockey and T.H. dated for approximately three years. After they separated, T.H. obtained a protection order against Mr. Shockey, which Mr. Shockey violated in 2009. In 2011, Mr. Shockey attended the funeral of T.H.'s cousin, whom he had also dated when they were in high school. T.H. also attended the funeral and, upon seeing Mr. Shockey, told him to leave. Mr. Shockey, however, refused to leave, instead opting to sit at the back of the church for the duration of the service. After the service ended, Mr. Shockey left.

{¶3} A jury convicted Mr. Shockey of violating R.C. 2919.27(A)(1) by recklessly violating the protection order, and the trial court sentenced him to one year in prison. Mr. Shockey has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT A VIOLATION OF A PROTECTION ORDER CHARGE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶4} In Mr. Shockey's first assignment of error, he argues that the State failed to produce sufficient evidence that he recklessly violated the protection order. We disagree.

{¶5} In determining whether the evidence presented was sufficient to sustain a conviction, this Court reviews the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 274 (1991). Furthermore,

[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶6} Mr. Shockey was convicted of violating R.C. 2919.27(A)(1), which provides, "No person shall recklessly violate the terms of * * * [a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code[.]" "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶7} T.H. testified that she was in a relationship with Mr. Shockey for approximately three years. However, the relationship ended due to him being violent towards her, and she

obtained a civil protection order against him. The order prohibited Mr. Shockey from coming within 500 feet of T.H. and required him to immediately leave in the event that he accidentally came into contact with her. It is undisputed that the protection order was in effect when T.H. attended her cousin's funeral. When T.H. walked into the church, she saw Mr. Shockey speaking with her aunt. He saw T.H. and "just started smiling and laughing with everybody he was talking to."

{¶8} T.H. sat down, and Mr. Shockey went to the back of the church. Before the service started, T.H. approached him and told him to leave, reminding him that the protection order prohibited him from being near her. Mr. Shockey refused to leave, citing the fact that he had been at the church first. T.H. returned to her seat for the service, which lasted a little over an hour. After the service was concluded, T.H. noticed that Mr. Shockey was still at the back of the church. She began taking pictures of Mr. Shockey, and, according to T.H., Mr. Shockey became angry and attempted to take her camera. T.H. followed him outside and took pictures of him getting into a truck and pictures of the truck's license plate.

{¶9} Deputy Linda Urycki testified that she investigated the incident and, as part of her investigation, she spoke with Mr. Shockey. Mr. Shockey admitted to Deputy Urycki that he had attended the funeral and that he did not leave after T.H. arrived, believing he had a right to be there because T.H.'s cousin was his friend.

{¶10} When viewed in the light most favorable to the State, there was sufficient evidence to demonstrate that Mr. Shockey had recklessly violated the protection order. The protection order required Mr. Shockey to leave if he accidentally came into contact with T.H. Despite being aware that T.H. was there and being reminded that he had to leave, Mr. Shockey

stayed for over an hour.  Accordingly, there was sufficient evidence to support the jury's finding that Mr. Shockey had recklessly violated the protection order.

{¶11}  Mr. Shockey's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. SHOCKEY'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶12}  Mr. Shockey's second assignment of error is that his conviction for recklessly violating the protection order was against the manifest weight of the evidence; specifically, he argues that the State did not show he violated the protection order recklessly.  In reviewing a challenge to the weight of the evidence, the appellate court

> [m]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶13}  Mr. Shockey suggests that he did not recklessly violate the civil protection order because his contact with T.H. was accidental.  He also suggests that T.H's conduct was unreasonable under the circumstances given that he arrived first and was attending a funeral.  However, Mr. Shockey has not addressed that portion of the civil protection order that states, "If [Mr. Shockey] accidentally comes in contact with [T.H.] in any public or private place, [he] must depart *immediately*[,]" and Mr. Shockey does not dispute that he did not leave the funeral after becoming aware that T.H. was present.  (Emphasis sic.).  Thus, even assuming that Mr. Shockey did not recklessly violate the order by coming within 500 feet of T.H. when she arrived at the funeral, it is undisputed that Mr. Shockey did not comply with the protection order, which

required him to immediately depart once he was aware that he was in T.H.'s presence. Accordingly, we cannot say that the jury lost its way and created a manifest miscarriage of justice when it found that he had recklessly violated the protection order.

{¶14} Mr. Shockey's second assignment of error is overruled.

### III.

{¶15} Mr. Shockey's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DAWN M. KING, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.